## Case No. 3,490.

### CURREY v. FLETCHER.

[1 Cranch, C. C. 113.] [1]

Circuit Court, District of Columbia.  Dec. Term, 1802.

#### JURISDICTION.

If the verdict be for less than twenty dollars, in assumpsit, a nonsuit must be entered.

[Cited in Hays v. Bell, Case No. 6,270.]

Suit brought for £8.  Defendant proves payment of £6.  Verdict for £2.

Judgment of nonsuit.  St. 3 Jac. c. 15; 23 Geo. II. c. 33, § 19; Woolley v. Cloutman, Doug. 245, 448; Pitts v. Carpenter, 1 Wils. 19; Act Md. 1785, c. 46, § 7; Act Md. 1791, c. 68, of "Small Debts."

MARSHALL, Circuit Judge, absent.

## Case No. 3,491.

### CURRIE v. JORDAN et al.

[4 Biss. 513.] [2]

Circuit Court, N. D. Illinois.  April, 1869.

REDEMPTION—FRAUDULENT CONFESSION OF JUDGMENT.

Where a judgment creditor, to protect his interest, has purchased the property on foreclosure of a prior mortgage, and the debtor had fraudulently confessed a judgment to enable a third party to redeem the property for his benefit, this court has jurisdiction of a bill for relief filed by the creditor.

[Bill in equity by John Currie against Allen Jordan and others for relief against an alleged fraudulent judgment.]

DRUMMOND, District Judge.  This is a demurrer to a bill.  The only question in the case is whether the demurrer is well taken, and I think it is not.

The facts in the case, briefly stated, are that in 1865 the plaintiff recovered a judgment against Allen Jordan, upon which judgment an execution was duly issued and delivered to the marshal, and a levy made on the property in controversy in this case, but it was not sold, in consequence of Jordan having made a mortgage upon it prior to the time the judgment was obtained.  A bill was filed in the state court to foreclose the mortgage, and upon the decree of foreclosure this plaintiff and another party became the purchasers, and after this was done Allen Jordan confessed a judgment in favor of a certain person, and that person came in and redeemed from the decree of foreclosure.  Thus it will be seen an attempt was made to cut off the judgment which the plaintiff had obtained in this court, and to prevent it from operating upon the property.  The object of the plaintiff in purchasing the property, in

this foreclosure suit, being, as he says, simply to protect his interest therein.

The bill alleges that this judgment confessed was fraudulent, and for the benefit of Jordan, to whom the property really belonged.

Whatever might be the legal conclusion, as to the right of redemption, if this judgment were for a bona fide debt, it is clear where it is a fraudulent judgment, given for a fraudulent purpose, that the party affected by that fraud can file a bill in a court of equity, and ask for relief.  That is the claim set up here.  I have no doubt, therefore, that a court of equity has jurisdiction of the case to determine the rights of the parties.

The demurrer must be overruled, with leave to the defendant to answer.